UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KERRY DEVIN O'BRYAN,

        Petitioner,                        Case Number: 2:16-CV-12591
                                                  HON. DENISE PAGE HOOD

v.

J.A. TERRIS,

        Respondent.
        _____/

## OPINION AND ORDER
## DENYING PETITION FOR WRIT OF HABEAS CORPUS

Kerry Devin O'Bryan, a federal prisoner currently incarcerated at the Federal Correctional Institution in Milan, Michigan, has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging the execution of his sentence. O'Bryan claims that the Bureau of Prisons miscalculated his release date by failing to give him credit for time spent in state custody on a state court conviction. For the reasons set forth below, the petition for a writ of habeas corpus is denied.

### I.  BACKGROUND

On November 14, 1996, O'Bryan was arrested on state burglary and theft charges in Finney County, Kansas. He pleaded guilty and, on June 12, 1997, was

sentenced to 12 months' imprisonment and 24 months' probation. (ECF No. 8, Pg. ID 71-74). He was given 211 days of jail credit and immediately placed on probation. *Id.* However, he was not released from custody because, on November 20, 1996, a federal detainer was lodged by the United States Marshals Service. (ECF No. 8-2, Pg. ID. 57). O'Bryan was released to the United States Marshals Service pursuant to the pending federal charges on June 23, 1997. (*Id.*). O'Bryan was convicted of manufacturing counterfeit currency, passing counterfeit currency, two counts of bank robbery, and two counts of carrying or using a firearm during the bank robberies. On December 18, 1998, he was sentenced to a 351-month term of imprisonment. He was given 533 days sentencing credit for the time period June 13, 1997 (the day after his state sentence was satisfied) and December 17, 1998 (the day after he was sentenced to time served and probation on the state charges and the day before his federal sentence commenced). (*Id.* at Pg. ID 58).

In 2015, O'Bryan filed a request for administrative remedy with the warden at FCI Milan, seeking jail credit toward his federal sentence for the time held in state custody from the date the federal detainer was placed against him – November 20, 1996 – to the date he was sentenced on state charges – June 12, 1997. (ECF No. 1, Pg. ID 12-13). The warden denied his request. *Id.* O'Bryan appealed to the BOP's Regional and Central Offices, both appeals were denied.

sentenced to 12 months' imprisonment and 24 months' probation. (ECF No. 8, Pg. ID 71-74). He was given 211 days of jail credit and immediately placed on probation. *Id.* However, he was not released from custody because, on November 20, 1996, a federal detainer was lodged by the United States Marshals Service. (ECF No. 8-2, Pg. ID. 57). O'Bryan was released to the United States Marshals Service pursuant to the pending federal charges on June 23, 1997. (*Id.*). O'Bryan was convicted of manufacturing counterfeit currency, passing counterfeit currency, two counts of bank robbery, and two counts of carrying or using a firearm during the bank robberies. On December 18, 1998, he was sentenced to a 351-month term of imprisonment. He was given 533 days sentencing credit for the time period June 13, 1997 (the day after his state sentence was satisfied) and December 17, 1998 (the day after he was sentenced to time served and probation on the state charges and the day before his federal sentence commenced). (*Id.* at Pg. ID 58).

In 2015, O'Bryan filed a request for administrative remedy with the warden at FCI Milan, seeking jail credit toward his federal sentence for the time held in state custody from the date the federal detainer was placed against him – November 20, 1996 – to the date he was sentenced on state charges – June 12, 1997. (ECF No. 1, Pg. ID 12-13). The warden denied his request. *Id.* O'Bryan appealed to the BOP's Regional and Central Offices, both appeals were denied.

(ECF No. 1, Pg. ID 15-20). O'Bryan then filed this habeas corpus petition challenging the computation of his sentence.

## II. DISCUSSION

In his application for habeas relief, O'Bryan claims that he is entitled to receive presentence credit against his federal sentence from the time the federal detainer was placed against him until the day he was discharged from the state court sentence. Respondent contends that Petitioner is not entitled to any presentence credit against his federal sentence, because this time was credited against his state sentence. The Court finds that the BOP did not err in its calculation of O'Bryan's sentence.

A writ of habeas corpus may be granted to a federal prisoner who is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(b)(3). The United States Attorney General, through the Bureau of Prisons, is responsible for administering the sentences of federal prisoners. *United States v. Wilson*, 503 U.S. 329, 335 (1992). However, a federal district court may consider the propriety of the BOP's sentencing computation once a prisoner has exhausted available administrative remedies. *Id.* at 335-336. A federal prisoner may be entitled to habeas relief under 28 U.S.C. § 2241 if the federal court determines that the BOP miscalculated the prisoner's sentence.

O'Bryan challenges the BOP's decision to deny him credit on his federal sentence for the time he spent in state custody from November 20, 1996 (when the federal detainer was placed against him) through June 12, 1997 (the day his state court sentence was discharged). Petitioner believes that he is entitled to credit for this time because he would not have otherwise been incarcerated.

Title 18 U.S.C. § 3585(b) states in pertinent part:

(b) Credit for prior custody.-A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –

(1)  as a result of the offense for which the sentence was imposed; or

(2)  as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

*Id.*

That is, § 3585(b) authorizes credit only for time "that has not been credited against another sentence." *United States v. Wilson*, 503 U.S. at 334. In the present case, O'Bryan is not entitled to credit towards his federal sentence for the time that he was in custody between November 20, 1996 to June 12, 1997, because he received credit on his state sentence for the time that he spent in state custody between these two dates. The Sixth Circuit has rejected claims on numerous

4

occasions under § 3585(b) where the federal prisoner received credit against a state sentence for the time claimed. *See e.g. Woody v. Marberry*, 178 Fed. App'x 468, 471 (6th Cir.2006) (federal prisoner not entitled to credit towards federal sentence for time spent in state custody on a detainer awaiting sentencing on a probation violation); *Bridgeman v. Bureau of Prisons*, 112 F. App'x 411, 413 (6th Cir. 2004) (same); *Broadwater v. Sanders*, 59 Fed. App'x 112, 113-14 (6th Cir. 2003) (same). Because O'Bryan received credit on his state sentences for the time he spent in state custody before his federal sentences were imposed, he is not entitled to credit on his federal sentence for that same period of time. Habeas relief is denied.

### III. Conclusion

Accordingly, IT IS ORDERED that the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 is DENIED. Because a certificate of appealability is not needed to appeal the dismissal of a habeas petition filed under 28 U.S.C. § 2241, *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004), Petitioner need not apply for one with this Court or with the United States Court of Appeals for the Sixth Circuit before seeking to appeal this decision.

S/Denise Page Hood

      Denise Page Hood
      Chief Judge, United States District Court

Dated: July 31, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 31, 2017, by electronic and/or ordinary mail.

      S/LaShawn R. Saulsberry
      Case Manager